CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 1 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STEEL SUPPLY, LLC, | ) | |
| | ) | Civil Action No. 7:11CV00326 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| D&E ACQUISITION CORPORATION, | ) | Chief United States District Judge |
| INC., d/b/a DIVERSIFIED INDUSTRIES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

This case is presently before the court on the motion to dismiss filed by defendants D&E

Acquisition Corporation, Inc. ("D&E") and Evelyn Granger ("Granger"). For the following

reasons, the defendants' motion will be granted in part and dismissed as moot in part.

### Background

Plaintiff United Steel Supply, LLC ("United") is a limited liability company organized

under the laws of the State of Texas. Defendant D&E is a Virginia corporation based in

Troutville, Virginia.

At all times relevant to the complaint, D&E was a manufacturer and supplier of masonry

and roofing materials. From May 2010 to August 2010, United supplied goods and services to

D&E on an open account basis. As of May 27, 2011, United had supplied goods and services to

D&E totaling $374,074.11, including accrued fees and interest. Although United has repeatedly

demanded payment of this amount, no payment has been made by D&E.

Prior to May 3, 2011, D&E owned approximately 5.647 acres of land in Botetourt

County, Virginia. On or about that date, D&E executed a deed of trust conveying the property to

defendant Granger, the mother-in-law of one of D&E's officers.  D&E submitted a copy of the deed of trust with its original complaint.  The deed of trust indicates that it was granted to secure repayment of debts totaling $190,000, as evidenced by five promissory notes made by D&E in favor of Granger.

United filed the instant action against D&E, Granger, and other unknown defendants on July 8, 2011, seeking to recover the unpaid balance on the open account for goods and services supplied to D&E.  United also sought to avoid the deed of trust and to recover the property subject to the deed of trust, pursuant to Virginia Code §§ 55-80 and 55-81.

D&E and Granger subsequently moved to dismiss the statutory claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The court held a hearing on the motion on November 3, 2011.  Following the hearing, the court entered an order taking the defendant's motion under advisement pending the filing of an amended complaint.[1]

United filed an amended complaint on November 13, 2011.  The parties subsequently advised the court that they did not wish to file additional briefs, and that the defendants' motion to dismiss could be decided on the existing pleadings.  Accordingly, the defendants' motion is ripe for review.

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint."
Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  When reviewing a claim under Rule 12(b)(6), the court must accept all of the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Id. at 244.  Although "a complaint attacked by

---

[1] Prior to the hearing, the plaintiff moved to strike the defendants' reply brief as untimely.  That motion will be denied.

2

a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Id.  In considering a Rule 12(b)(6) motion, the court may properly consider exhibits attached to the complaint.  Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991).

### Discussion

D&E and Granger previously moved to dismiss United's claims under Virginia Code §§ 55-80 and 55-81, which set forth the theories under which an existing creditor may seek to avoid a transfer of property by the debtor.  Balzer & Assocs., Inc. v. Lakes on 360, Inc., 463 S.E.2d 453, 456 (Va. 1995).  Under § 55-80, "[t]he transfer can be alleged to have been made for the purposes of delaying, hindering, or defrauding the debtor's just creditors, both existing and future."  Balzer & Assocs., 463 S.E.2d at 456.  "[S]uch transactions are fraudulent acts and are void except against bona fide transferees without knowledge of the fraudulent intent."  Id.  In the alternative, under § 55-81, "the transfer can be alleged to have been made without receipt by the debtor of 'consideration deemed valuable in law' while the debtor was, or as a result of the transfer became, insolvent."  Id. (quoting Va. Code § 55-81).  "In such cases, fraud or other malicious intent is not an element required to prove the voidability of the transfer."  Id.

3

## I.    Claim for Avoidance of Transfer under § 55-80

To the extent United seeks to avoid the deed of trust under § 55-80, the defendants previously moved to dismiss such claim on the basis that the original complaint failed to allege that Granger had notice of D&E's purportedly fraudulent intent, as required by the statute.  See Bank of Commerce v. Rosemary and Thyme, Inc., 239 S.E.2d 909, 912 (Va. 1978) ("In order to set aside a preference [as a fraudulent conveyance under § 55-80], the plaintiff must not only prove that the debtor intended to delay, hinder or defraud his other creditors, he must also show that the preferred creditor had notice of such intent."); see also Gold v. Sovereign (In re Taneja), 453 B.R. 618, 622 (Bankr. E.D. Va. 2011) (agreeing with the defendants that "the decision in Rosemary and Thyme clearly establishes that notice of the debtor's fraudulent intent . . . is an element of the plaintiff's case that must be alleged in the complaint in order to state a claim for relief").

In its amended complaint, United specifically alleges, upon information and belief, that at the time Granger received the deed of trust, she knew or had constructive knowledge "of D&E's intent to hinder, delay, or defraud any entity to which . . . D&E was or became . . . indebted." (Am. Compl. at 4-5).  Because the complaint has been amended to correct the deficiency noted by the defendants, the defendants' motion will be dismissed as moot with respect to this claim.

## II.    Claim for Avoidance of Transfer under § 55-81

The defendants also moved to dismiss United's claim under § 55-81 of the Virginia Code. To avoid a transfer under this statute, the plaintiff "must demonstrate that (1) a transfer was made, (2) the transfer was not supported by consideration deemed valuable in law, and (3) the transfer was done when the transferor was insolvent or the transfer rendered the transferor

insolvent." <u>Shaia v. Meyer (In re Meyer)</u>, 244 F.3d 352, 353 (4th Cir. 2001).  In moving to dismiss this claim, the defendants focused only on the second element, arguing that it is clear from the face of the deed of trust that it was granted to Granger for consideration deemed valuable in law.[2]  For the following reasons, the court agrees with the defendants.

Section 55-81 of the Virginia Code "simply requires that a transfer or conveyance be 'upon consideration deemed valuable in law.'" <u>Id.</u> (quoting Va. Code § 55-81).  As the United States Court of Appeals for the Fourth Circuit has explained on previous occasions, "[t]his phrase refers to '<u>any</u> valuable consideration received by the transferor.'"  <u>Id.</u> (emphasis in original) (quoting <u>Moore v. Manson (In re Springfield Furniture, Inc.)</u>, 145 B.R. 520, 5333 (Bankr. E.D. Va. 1992)).  Section 55-81 "does not require reasonably equivalent value."  <u>C-T of Virginia, Inc. v. Euroshoe Assoc. Ltd. Partnership</u>, No. 91-1578, 1992 U.S. App. LEXIS 1029, at *6 (4th Cir. Jan. 29, 1992).

In this case, it is clear from the face of the deed of trust that it was granted to secure repayment of various debts owed to Granger by D&E, as evidenced by five promissory notes totaling $190,000.  Under Virginia law, antecedent debt, such as that owed to Granger, constitutes valuable consideration for the granting of a deed of trust.  <u>See Inspiration Coal, Inc. v. Mullins</u>, 690 F. Supp. 1502, 1505 (W.D. Va. 1988) (citing a line of Virginia cases holding that an antecedent debt is valuable consideration for a conveyance of land, and concluding that deeds of trust granted to secure payment of antecedent debts could not be avoided under § 55-81).  While United continues to maintain that Granger "did not pay full, fair, and adequate consideration" for

---

[2] As previously indicated, United submitted the deed of trust as an exhibit with its original complaint and it refers back to the exhibit in the amended complaint.  Accordingly, the court may consider the exhibit in ruling on the defendants' motion.  <u>See Fayetteville Investors</u>, 936 F.2d at 1465.

5

the deed of trust (Am. Compl. at 5), Virginia law does not require such a pecuniary, balance sheet approach. C-T of Virginia, 1992 U.S. App. LEXIS 1029, at *4-5; see also Inspiration Coal, 690 F. Supp. at 1505. Instead, as long as D&E "gained something," as it did in this case, "that is enough to prevent avoidance of the transaction," even if D&E "may have given up more than it received." C-T of Virginia, 762 F. Supp. 675, 678 (W.D. Va. 1991), aff'd, 1992 U.S. App. LEXIS 1029. Accordingly, because it is clear from the pleadings that United is unable to state a plausible claim for relief under § 55-81, the defendants' motion will be granted with respect to the counts asserted under this statute.

## Conclusion

For the reasons stated, the defendants' motion to dismiss will be granted in part and dismissed as moot in part. The Clerk is directed to send certified copies of this opinion and the accompanying order to all counsel of record.

ENTER: This 1st day of DECEMBER , 2011.

_____

Chief United States District Judge